IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOURNEY MEDICAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| LUPIN LIMITED, LUPIN INC., and LUPIN | ) | |
| PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Journey Medical Corporation ("Journey"), by its undersigned attorneys, brings this action against Defendants Lupin Limited ("Lupin Limited"), Lupin Inc. ("Lupin Inc."), and Lupin Pharmaceuticals, Inc. ("Lupin Pharmaceuticals") (collectively, "Defendants") and hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises from Defendant Lupin Limited's submission of an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to market generic versions of Journey's EMROSI™ prior to the expiration of U.S. Patent Nos. 10,905,664 (the "'664 patent"); 11,191,740 (the "'740 patent"); and 11,364,212 (the "'212 patent") (collectively the "Asserted Patents").

2.      In a letter dated January 20, 2026, and received by Journey on or about January 21, 2026 ("Notice Letter"), Lupin Limited notified Journey that it had submitted to the FDA ANDA No. 221130 ("Lupin's ANDA"), with a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV)

("Paragraph IV") seeking approval from the FDA to engage in the commercial manufacture, use, and/or sale of generic minocycline hydrochloride, extended-release capsules, 40 mg ("Lupin's ANDA Product") prior to the expiration of the Asserted Patents.

3.     The Notice Letter included a "Detailed Statement of the Factual and Legal Bases for Lupin's ANDA Certification That the Claims of U.S. Patent No[s]. 10,905,664, 11,191,740, and 11,364,212 Will Not Be Infringed, Are Invalid, and/or Are Unenforceable." On information and belief, Lupin's ANDA includes a Paragraph IV certification, asserting that the claims of the '664, '740, and '212 patents are invalid, unenforceable, and/or not infringed by the commercial manufacture, use, or sale of Lupin's ANDA Product.

4.     On information and belief, Defendants seek approval to market Lupin's ANDA Product before the expiration of all the Asserted Patents.

## PARTIES

5.     Journey is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 9237 East Via De Ventura, Suite 105, Scottsdale, Arizona 85258.

6.     On information and belief, Defendant Lupin Limited is a corporation organized and existing under the laws of India and having a principal place of business at 3rd Floor, Kalpataru Inspire, Off. Western Expressway Highway, Santacruz (East), Mumbai 400 055, India.

7.     On information and belief, Defendant Lupin Inc. is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at Harborplace Tower, 111 South Calvert Street, 21st Floor, Baltimore, MD 21202.

8. On information and belief, Defendant Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 5801 Pelican Bay Blvd., Suite 500, Naples, FL 34108.

9. On information and belief, Lupin Limited is the ultimate or direct parent company of Lupin Inc. and Lupin Pharmaceuticals.[1]

10. On information and belief, Defendants collaborate with respect to, among other things, the development, ANDA preparation and submission, regulatory approval, marketing, sale, and/or distribution of generic copies of branded pharmaceutical products, throughout the United States, including in the State of Delaware.

11. On information and belief, Lupin Limited is the owner of ANDA No. 221130.

12. On information and belief, Defendants intend to act collaboratively to manufacture, market, distribute, use, offer for sale, sell, and/or import into the United States, including into the State of Delaware, Lupin's ANDA Product, in the event the FDA approves Lupin's ANDA.

## JURISDICTION AND VENUE

13. This is a civil action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271 and 28 U.S.C. §§ 1338(a), 2201, and 2202.

---

[1] *See Neurocrine Biosciences, Inc. v. Lupin Ltd.,* No. 1:21-cv-01042, D.I. 10 at ¶¶ 8, 9 (D. Del. Dec. 9, 2021) (admitting Lupin Pharmaceuticals, Inc. is an indirect, wholly-owned subsidiary of Lupin Limited and Lupin Inc. is a wholly-owned subsidiary of Nanomi B.V. and Nanomi B.V. is a wholly-owned subsidiary of Lupin Limited); Lupin Inc. and Subsidiaries Consolidated Financial Statements As of and for the Year Ended March 31, 2025 and 2024, page 22, available at https://www.lupin.com/investors/subsidiaries (click on "2025" under Lupin Inc., USA) (explaining that Lupin Limited is the "ultimate parent company" of Lupin Inc.); Lupin Inc. and Subsidiaries Consolidated Financial Statements As of and for the Year Ended March 31, 2025 and 2024, page 7, available at https://www.lupin.com/investors/subsidiaries (click on "2025" under Lupin Inc., USA) (explaining that Lupin Pharmaceuticals, Inc. is owned 97% by Lupin Inc. (a subsidiary of Lupin Limited) and 3% by Lupin Limited).

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15.     The Court can exercise personal jurisdiction over Lupin Limited because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met: (1) Journey's claim arises under federal law; and (2) Lupin Limited is a foreign defendant not subject to general personal jurisdiction in any state's courts of general jurisdiction; and (3) Lupin Limited has sufficient contacts with the United States, including by preparing and submitting Lupin's ANDA as well as manufacturing, selling, and marketing pharmaceutical products in the United States, including in this judicial jurisdiction, such that exercising jurisdiction over Lupin Limited is consistent with the United States Constitution and laws.

16.     This Court has personal jurisdiction over Defendants Lupin Inc. and Lupin Pharmaceuticals because, on information and belief, Lupin Inc. and Lupin Pharmaceuticals are corporations organized and existing under the laws of the State of Delaware.

17.     This Court has personal jurisdiction over Defendants because, on information and belief, each has continuous and systematic contacts with the State of Delaware, regularly conducts business in Delaware either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, and has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being hauled into court here.

18.     On information and belief, Defendants are engaged in developing, manufacturing, marketing, selling, and distributing, either directly or through subsidiaries, agents, and/or alter egos, a broad range of generic pharmaceutical products globally, and a substantial number of these products are marketed, sold, and distributed throughout the United States, including in the State of

Delaware and this judicial district.[2] On information and belief, Defendants purposefully operate their marketing, sales, and distribution infrastructure in the United States, including in the State of Delaware and this judicial district, either directly or through subsidiaries, agents, and/or alter egos.

19.    On information and belief, Defendants, by selling pharmaceutical products, either directly or through subsidiaries, agents, and/or alter egos, regularly do business in the State of Delaware and this judicial district and have systematically placed goods into the stream of commerce for distribution throughout the United States, including in Delaware and this judicial district. On information and belief, Defendants derive substantial revenue from pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by

---

[2] *See Lupin*, https://www.lupin.com/about-us/global-presence (last accessed Feb. 23, 2026) (explaining Lupin's global presence for delivering "safe and reliable . . .medicines to [their] patients across 100+ countries); *Lupin, Global Generics*, https://www.lupin.com/our-business/global-generics (last accessed Feb. 23, 2026) ("In the U.S., [Lupin] continue[s] to be the 3rd largest generics company by filled prescriptions" and "has received over 300 FDA approvals and currently markets more than 150 generics products in the U.S." with "the U.S. remain[ing] a critical driver of Lupin's growth."); U.S. Food & Drug Admin, Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations, available at https://www.fda.gov/drugs/drug-approvals- and-databases/approved-drug-products-therapeutic-equivalence-evaluations-orange-book (last accessed Feb. 23, 2026) (click on "Search the Orange Book Database," then "Search by Applicant (Company)," then choose "Lupin LTD" from list of applicants to see listing of generic pharmaceutical products available from Lupin Limited in the US); U.S. Food & Drug Admin, Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations, available at https://www.fda.gov/drugs/drug-approvals- and-databases/approved-drug-products-therapeutic-equivalence-evaluations-orange-book (last accessed Feb. 23, 2026) (click on "Search the Orange Book Database," then "Search by Applicant (Company)," then choose "Lupin Inc." from list of applicants to see listing of generic pharmaceutical products available from Lupin Inc. in the US); U.S. Food & Drug Admin, Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations, available at https://www.fda.gov/drugs/drug-approvals- and-databases/approved-drug-products-therapeutic-equivalence-evaluations-orange-book (last accessed Feb. 23, 2026) (click on "Search the Orange Book Database," then "Search by Applicant (Company)," then choose "Lupin Pharmaceuticals Inc." from list of applicants to see listing of generic pharmaceutical products available from Lupin Pharmaceuticals Inc. in the US); *Lupin*, https://www.lupin.com/US/product (last accessed Feb. 23, 2026) (listing generic pharmaceutical products available from Lupin in the US).

Defendants or its affiliates and/or for which one or more of Defendants are the named applicant(s) on approved ANDAs.[3] On information and belief, various products for which one or more of Defendants are the named applicant(s) on approved ANDAs are available at pharmacies in Delaware.[4]

20.    Lupin Limited is identified as the filer of Lupin's ANDA in the Notice Letter.

21.    On information and belief, Defendants acted in concert with respect to the preparation and filing of Lupin's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, sale, or offer for sale of Lupin's ANDA Product in the United States, including in the State of Delaware and this judicial district.

22.    On information and belief, upon approval of Lupin's ANDA, Defendants will directly or through subsidiaries, agents, and/or alter egos market, distribute, offer for sale, sell, and/or import Lupin's ANDA Product in the United States, including in Delaware and this judicial district, and will derive substantial revenue from the use or consumption of Lupin's ANDA Product in Delaware and this judicial district. On information and belief, Defendants plan to list Lupin's ANDA Product on Delaware's prescription drug formulary and seek Medicaid reimbursements for the sales of Lupin's ANDA Product in Delaware, either directly or through subsidiaries, agents, and/or alter egos. On information and belief, if Lupin's ANDA is approved, Lupin's ANDA Product, under the direction and control of physicians practicing in Delaware, will be administered to and used by patients in Delaware and this judicial district.

23.    On information and belief, each of the Defendants has previously used and/or been substantially involved in the process contemplated by Food, Drug, and Cosmetic Act ("FDCA"),

---

[3] *See supra* n.2.
[4] *See supra* n.2.

21 U.S.C. § 355(b), and the Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355(j) (the "Hatch-Waxman Act"), to file ANDAs and challenge branded pharmaceutical companies' patents by filing a Paragraph IV certification, serving a notice letter on those branded pharmaceutical companies, and engaging in patent litigation as contemplated by the Hatch-Waxman Act, including in the State of Delaware and this judicial district.[5]

24.     On information and belief, with knowledge of the Hatch-Waxman Act, Lupin Limited sent the Notice Letter to Journey, and alleged in the Notice Letter the non-infringement, invalidity, and/or unenforceability of the Asserted Patents. On information and belief, Lupin Limited deliberately challenged Journey's patent rights with the Notice Letter and knew when it did so that it was triggering a forty-five-day period for Journey to bring an action for patent infringement under the Hatch-Waxman Act.

25.     On information and belief, Lupin Limited knew that it was deliberately challenging intellectual property held in Delaware and that the effects of any successful challenge of the Asserted Patents would be felt by Journey in Delaware. Defendants have been litigants in connection with other infringement actions under the Hatch-Waxman Act and in the State of Delaware and reasonably should have anticipated that by sending the Notice Letter to Journey that they would be sued in Delaware for patent infringement.

26.     EMROSI™ is marketed, sold, and distributed throughout the United States, including in the State of Delaware and this judicial district, and Journey is incorporated in

---

[5] *See, e.g.*, *Neurelis, Inc. v. Lupin Inc.,* No. 1:25-cv-01443, D.I. 9 (D. Del. Dec. 22, 2025); *Neurocrine Biosciences, Inc. v. Lupin Ltd.,* No. 1:22-cv-01061, D.I. 6 (D. Del. Sept. 9, 2022); *Vertex Pharms. Inc. v. Lupin Ltd.,* No. 1:22-cv-00966, D.I. 211 (D. Del. Feb. 6, 2026); *Harmony Biosciences Mgmt., Inc. v. Lupin Ltd.,* No. 1:25-cv-00102, D.I. 17 (D. Del. Mar. 28, 2025).

Delaware. Consequently, the injury and consequences of Defendants' filing of Lupin's ANDA and challenging Journey's patent rights are suffered in Delaware.

27.    On information and belief, Defendants know and intend that, if Lupin's ANDA is approved, Lupin's ANDA Product will be marketed, distributed, and sold in Delaware and will displace sales of EMROSI™, resulting in harm to Journey in Delaware.

28.    On information and belief, Defendants have previously been sued in this judicial district without challenging personal jurisdiction or venue and have availed themselves of the legal protections of the State of Delaware by filing claims or counterclaims affirmatively seeking relief in other prior pharmaceutical patent actions in this Court.[6] Further, Defendants have each previously admitted that this Court has personal jurisdiction over Lupin Limited, Lupin Inc., and Lupin Pharmaceuticals.[7]

29.    Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b) and/or Federal Rule of Civil Procedure 4(k)(2).

## **BACKGROUND**

30.    EMROSI™ is indicated for the treatment of inflammatory lesions (papules and pustules) of rosacea in adults.

31.    Journey is the holder of the approved New Drug Application ("NDA") No. 219015 for EMROSI™. EMROSI™ is manufactured for Journey and is sold in the United States pursuant to NDA No. 219015.

---

[6] *See supra* n.5.
[7] *See, e.g.*, *Neurelis, Inc. v. Lupin Inc.,* No. 1:25-cv-01443, D.I. 9 at ¶ 11 (D. Del. Dec. 22, 2025); *Neurocrine Biosciences, Inc. v. Lupin Ltd.,* No. 1:22-cv-01061, D.I. 6 at ¶ 18 (D. Del. Sept. 9, 2022); *Vertex Pharms. Inc. v. Lupin Ltd.,* No. 1:22-cv-00966, D.I. 211 at ¶¶ 26, 27 (D. Del. Feb. 6, 2026); *Harmony Biosciences Mgmt., Inc. v. Lupin Ltd.,* No. 1:25-cv-00102, D.I. 17 at ¶¶ 26, 27 (D. Del. Mar. 28, 2025).

### A.    The '664 Patent

32.    The '664 patent, titled "Methods for treating inflammatory skin conditions," was duly and legally issued on February 2, 2021. A true and correct copy of the '664 patent is attached as Exhibit A.

33.    Journey is the assignee and owner of the '664 patent, and holds all substantial rights in the '664 patent.

34.    The '664 patent is listed in the Orange Book for EMROSI™ Eq. 40 mg Base capsule, extended release.

### B.    The '740 Patent

35.    The '740 patent, titled "Methods for treating inflammatory skin conditions," was duly and legally issued on December 7, 2021. A true and correct copy of the '740 patent is attached as Exhibit B.

36.    Journey is the assignee and owner of the '740 patent, and holds all substantial rights in the '740 patent.

37.    The '740 patent is listed in the Orange Book for EMROSI™ Eq. 40 mg Base capsule, extended release.

### C.    The '212 Patent

38.    The '212 patent, titled "Methods for treating inflammatory skin conditions," was duly and legally issued on June 21, 2022. A true and correct copy of the '212 patent is attached as Exhibit C.

39.    Journey is the assignee and owner of the '212 patent, and holds all substantial rights in the '212 patent.

40.     The '212 patent is listed in the Orange Book for EMROSI™ Eq. 40 mg Base capsule, extended release.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,905,664

41.     Journey incorporates each of the preceding paragraphs as if fully set forth herein.

42.     On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '664 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

43.     Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

44.     The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Lupin's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product would not meet any claim limitation of certain claims of the '664 patent, including claims 1, 2, 6-11, and 13-19.

45.     Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

46.     The current November 2024 label for EMROSI™ ("EMROSI™ Label")[8] is the label for minocycline hydrochloride, oral, Eq. 40 mg Base capsule, extended release. On information and belief, the proposed label for Lupin's ANDA Product is substantially identical to the EMROSI™ Label, including but not limited to EMROSI™'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), its clinical pharmacology section (Section 12), its pharmacokinetics section (Section 12.3), and its clinical studies section (Section 14).

47.     The Indications and Usage section under the Highlights of Prescribing Information for the EMROSI™ Label explains that EMROSI™ is indicated to "treat inflammatory lesions (papules and pustules) of rosacea in adults." *See* EMROSI™ Label at Section 1.

48.     The EMROSI™ Label directs administering minocycline hydrochloride oral capsule in dosages covered by the '664 patent.

49.     On information and belief, Lupin's ANDA Product is covered by one or more claims of the '664 patent, including at least independent claim 1, because the use of Lupin's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product meets each claim limitation.

50.     On information and belief, the use of Lupin's ANDA Product will infringe at least claim 1 of the '664 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Lupin's ANDA Product instructs and encourages the use of Lupin's ANDA Product by healthcare professionals and patients for treatment of rosacea in a subject in need of such treatment where Lupin's ANDA Product is administered in an amount of about 10 mg to about 40

---

[8] Available at https://www.emrosi.com/ (click on "Prescribing Information" to access https://www.emrosi.com/assets/pdf/prescribing-information.pdf) (last accessed Feb. 23, 2026).

mg. Additionally, the '664 patent's description of "treating" makes clear that the claimed methods of treating rosacea include the proposed indication for Lupin's ANDA Product. *See, e.g.*, '664 patent at 8:49-9:9, 10:64-11:25.

51.     On information and belief, the purpose of filing Lupin's ANDA was for Defendants to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Lupin's ANDA Product prior to the expiration of the '664 patent.

52.     On information and belief, the submission of Lupin's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Lupin's ANDA Product prior to the expiration of the '664 patent is an act of infringement of the '664 patent under 35 U.S.C. § 271(e)(2)(A).

53.     On information and belief, Defendants plan to, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product as well as Defendants' proposed labeling for that product immediately and imminently upon approval of Lupin's ANDA and any amendments thereto and prior to the expiration of the '664 patent.

54.     On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Lupin's ANDA Product prior to the expiration of the '664 patent will infringe one or more claims of the '664 patent, and/or Defendants will induce the infringement of and/or contribute to the infringement of one or more claims of the '664 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Defendants plan to, intend to, and will actively induce and/or contribute to the infringement of the '664 patent immediately and imminently upon approval of Lupin's ANDA and any amendments thereto.

55.     On information and belief, Defendants know and intend that physicians will prescribe and patients will take Lupin's ANDA Product and therefore will infringe the '664 patent.

56.     On information and belief, Lupin's ANDA Product lacks any substantial noninfringing use.

57.     On information and belief, Defendants had actual and constructive knowledge of the claims of the '664 patent prior to submission of Lupin's ANDA at least because the '664 patent is listed in the FDA's Orange Book for Journey's EMROSI™ drug product. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Lupin's ANDA and any amendments thereto.

58.     On information and belief, Defendants have acted with full knowledge of the '664 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '664 patent, actively inducing infringement of the '664 patent, and/or contributing to the infringement by others of the '664 patent. Defendants' submission of Lupin's ANDA with knowledge of the '664 patent and its infringement of the '664 patent makes this case exceptional.

59.     An actual case or controversy exists between Journey and Defendants with respect to infringement of the '664 patent.

60.     Unless Defendants are enjoined from infringing the '664 patent and actively inducing and contributing to the infringement of the '664 patent, Journey will suffer irreparable injury. Journey has no adequate remedy at law.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,191,740

61.     Journey incorporates each of the preceding paragraphs as if fully set forth herein.

62.     On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '740 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

63.     Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

64.     The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Lupin's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product would not meet any claim limitation of certain claims of the '740 patent, including claims 1 and 3-18.

65.     Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

66.     The EMROSI™ Label is the label for minocycline hydrochloride, oral, Eq. 40 mg Base capsule, extended release. On information and belief, the proposed label for Lupin's ANDA Product is substantially identical to the EMROSI™ Label, including but not limited to EMROSI™'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), its clinical pharmacology section (Section 12), its pharmacokinetics section (Section 12.3), and its clinical studies section (Section 14).

67.     The Indications and Usage section under the Highlights of Prescribing Information for the EMROSI™ Label explains that EMROSI™ is indicated to "treat inflammatory lesions (papules and pustules) of rosacea in adults." *See* EMROSI™ Label at Section 1.

68.     The EMROSI™ Label directs administering minocycline hydrochloride oral capsule in dosages covered by the '740 patent.

69.     On information and belief, Lupin's ANDA Product is covered by one or more claims of the '740 patent, including at least independent claim 1, because the use of Lupin's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product meets each claim limitation.

70.     On information and belief, the use of Lupin's ANDA Product will infringe at least claim 1 of the '740 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Lupin's ANDA Product instructs and encourages the use of Lupin's ANDA Product by healthcare professionals and patients for treatment of rosacea in a subject in need of such treatment where Lupin's ANDA Product is administered in an amount of about 10 mg to about 40 mg. Additionally, the '740 patent's description of "treating" makes clear that the claimed methods of treating rosacea include the proposed indication for Lupin's ANDA Product. *See, e.g.*, '740 patent at 8:49-9:9, 11:4-33.

71.     On information and belief, the purpose of filing Lupin's ANDA was for Defendants to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Lupin's ANDA Product prior to the expiration of the '740 patent.

72.     On information and belief, the submission of Lupin's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of

Lupin's ANDA Product prior to the expiration of the '740 patent is an act of infringement of the '740 patent under 35 U.S.C. § 271(e)(2)(A).

73.    On information and belief, Defendants plan to, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product as well as Defendants' proposed labeling for that product immediately and imminently upon approval of Lupin's ANDA and any amendments thereto and prior to the expiration of the '740 patent.

74.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Lupin's ANDA Product prior to the expiration of the '740 patent will infringe one or more claims of the '740 patent, and/or Defendants will induce the infringement of and/or contribute to the infringement of one or more claims of the '740 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Defendants plan to, intend to, and will actively induce and/or contribute to the infringement of the '740 patent immediately and imminently upon approval of Lupin's ANDA and any amendments thereto.

75.    On information and belief, Defendants know and intend that physicians will prescribe and patients will take Lupin's ANDA Product and therefore will infringe the '740 patent.

76.    On information and belief, Lupin's ANDA Product lacks any substantial noninfringing use.

77.    On information and belief, Defendants had actual and constructive knowledge of the claims of the '740 patent prior to submission of Lupin's ANDA at least because the '740 patent is listed in the FDA's Orange Book for Journey's EMROSI™ drug product. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product and the proposed

labeling for that product immediately and imminently upon the approval of Lupin's ANDA and any amendments thereto.

78.    On information and belief, Defendants have acted with full knowledge of the '740 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '740 patent, actively inducing infringement of the '740 patent, and/or contributing to the infringement by others of the '740 patent. Defendants' submission of Lupin's ANDA with knowledge of the '740 patent and its infringement of the '740 patent makes this case exceptional.

79.    An actual case or controversy exists between Journey and Defendants with respect to infringement of the '740 patent.

80.    Unless Defendants are enjoined from infringing the '740 patent and actively inducing and contributing to the infringement of the '740 patent, Journey will suffer irreparable injury. Journey has no adequate remedy at law.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,364,212

81.    Journey incorporates each of the preceding paragraphs as if fully set forth herein.

82.    On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by the proposed labeling for that product will infringe one or more claims of the '212 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

83.    Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

17

84.    The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Lupin's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product would not meet any claim limitation of certain claims of the '212 patent, including claims 1-5 and 8-28.

85.    Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

86.    The EMROSI™ Label is the label for minocycline hydrochloride, oral, Eq. 40 mg Base capsule, extended release. On information and belief, the proposed label for Lupin's ANDA Product is substantially identical to the EMROSI™ Label, including but not limited to EMROSI™'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), its clinical pharmacology section (Section 12), its pharmacokinetics section (Section 12.3), and its clinical studies section (Section 14).

87.    The Indications and Usage section under the Highlights of Prescribing Information for the EMROSI™ Label explains that EMROSI™ is indicated to "treat inflammatory lesions (papules and pustules) of rosacea in adults." *See* EMROSI™ Label at Section 1.

88.    The EMROSI™ Label directs administering minocycline hydrochloride oral capsule in dosages covered by the '212 patent.

89.    On information and belief, Lupin's ANDA Product is covered by one or more claims of the '212 patent, including at least independent claim 1, because the use of Lupin's ANDA Product in accordance with and as directed by Defendants' proposed labeling for that product meets each claim limitation.

90.    On information and belief, the use of Lupin's ANDA Product will infringe at least claim 1 of the '212 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Lupin's ANDA Product instructs and encourages the use of Lupin's ANDA Product by healthcare professionals and patients for treatment of rosacea in a subject in need of such treatment where Lupin's ANDA Product is administered in an amount of about 10 mg to about 40 mg. Additionally, the '212 patent's description of "treating" makes clear that the claimed methods of treating rosacea include the proposed indication for Lupin's ANDA Product. *See, e.g.*, '212 patent at 8:49-9:11, 11:4-33.

91.    On information and belief, the purpose of filing Lupin's ANDA was for Defendants to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Lupin's ANDA Product prior to the expiration of the '212 patent.

92.    On information and belief, the submission of Lupin's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Lupin's ANDA Product prior to the expiration of the '212 patent is an act of infringement of the '212 patent under 35 U.S.C. § 271(e)(2)(A).

93.    On information and belief, Defendants plan to, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product as well as Defendants' proposed labeling for that product immediately and imminently upon approval of Lupin's ANDA and any amendments thereto and prior to the expiration of the '212 patent.

94.    On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Lupin's ANDA Product prior to the expiration of the '212 patent will infringe one or more claims of the '212 patent, and/or Defendants will induce the infringement of and/or contribute to

the infringement of one or more claims of the '212 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Defendants plan to, intend to, and will actively induce and/or contribute to the infringement of the '212 patent immediately and imminently upon approval of Lupin's ANDA and any amendments thereto.

95.     On information and belief, Defendants know and intend that physicians will prescribe and patients will take Lupin's ANDA Product and therefore will infringe the '212 patent.

96.     On information and belief, Lupin's ANDA Product lacks any substantial noninfringing use.

97.     On information and belief, Defendants had actual and constructive knowledge of the claims of the '212 patent prior to submission of Lupin's ANDA at least because the '212 patent is listed in the FDA's Orange Book for Journey's EMROSI™ drug product. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product and the proposed labeling for that product immediately and imminently upon the approval of Lupin's ANDA and any amendments thereto.

98.     On information and belief, Defendants have acted with full knowledge of the '212 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '212 patent, actively inducing infringement of the '212 patent, and/or contributing to the infringement by others of the '212 patent. Defendants' submission of Lupin's ANDA with knowledge of the '212 patent and its infringement of the '212 patent makes this case exceptional.

99.     An actual case or controversy exists between Journey and Defendants with respect to infringement of the '212 patent.

100.    Unless Defendants are enjoined from infringing the '212 patent and actively inducing and contributing to the infringement of the '212 patent, Journey will suffer irreparable injury. Journey has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Journey prays that this Court grant the following relief:

A.    A judgment declaring that, under 35 U.S.C. § 271(e)(2)(A), Defendants infringed the Asserted Patents, either literally or under the doctrine of equivalents, by submitting ANDA No. 221130 to the FDA to obtain approval to commercially manufacture, use, offer for sale, or sell within the United States, or import into the United States Lupin's ANDA Product prior to the expiration of the Asserted Patents;

B.    A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Lupin's ANDA Product, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents prior to the expiration date of the Asserted Patents, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the Asserted Patents under 35 U.S.C. § 271(b), and/or (c), either literally or under the doctrine of equivalents;

C.    An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval for Defendants to make, use, offer for sale, sell, market, distribute, or import Lupin's ANDA Product, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the

Asserted Patents be no earlier than the last expiration date of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

D.     A permanent injunction enjoining Defendants, and all persons acting in concert with Defendants from seeking, obtaining, or maintaining final approval of ANDA No. 221130 until the expiration of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

E.     A permanent injunction, under 35 U.S.C. § 271(e)(4)(B), enjoining Defendants, its officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing Lupin's ANDA Product, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

F.     An award of monetary relief to Journey, under 35 U.S.C. § 271(e)(4)(C), to the extent Defendants manufacture, use, offer for sale, sell, market, or distribute within the United States, or import into the United States, Lupin's ANDA Product, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

22

G.     A declaration that this is an exceptional case and an award of attorneys' fees

pursuant to 35 U.S.C. § 285;

H.     An award of Journey's costs and expenses in this action; and

I.     Such further and other relief as the Court deems just and proper.

/s/ Nathan R. Hoeschen

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
Virginia K. Lynch (No. 7423)
SHAW KELLER LLP

OF COUNSEL:                               I.M. Pei Building
Sanya Sukduang                            1105 North Market Street, 12th Floor
Jonathan Davies                           Wilmington, DE 19801
NORTON ROSE FULBRIGHT US LLP              (302) 298-0700
799 9th Street NW, Suite 1000             kkeller@shawkeller.com
Washington, DC 20001                      nhoeschen@shawkeller.com
(202) 662-0200                            glynch@shawkeller.com

                                          *Attorneys for Plaintiff Journey Medical*
Jaime Stark                               *Corporation*
NORTON ROSE FULBRIGHT US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
(713) 651-5151

Sophia Poirier
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
(512) 474-5201

Dated: February 25, 2026

23